## GREEN *vs.* WATSON.

Where a laborer made the following general waiver in a note, viz:
"And I hereby contract and expressly waive the exemption of my wages or salary from the process of garnishment under the laws of Georgia, or the exemption of my daily, weekly, monthly or yearly wages or salary from the operation of the garnishment law, in case this note is not paid promptly at maturity," such waiver was not binding on him, and was void.

(*a.*) Section 10 of the Code does not apply to such general waivers of exemption of wages from garnishment. Whether a special waiver of the exemption as to certain employment and for a certain time, by specific orders on employers containing such specific waiver, would be good, is not decided.

December 15, 1885.

Garnishment. Laborers. Waiver. Wages. Before Judge HARRIS. Douglas Superior Court. July Term, 1885.

Watson brought complaint against Green in the county court of Douglas county on a promissory note containing the waiver set out in the decision, and recovered judgment. Pending the suit, process of garnishment was sued out and served on the Georgia Pacific Railway Company. The garnishee answered that it owed the defendant $13.50 for wages as a day laborer, and paid the amount into court. The defendant moved to dismiss the garnishment on the ground that his wages were exempt from garnishment. The county judge held that, under the waiver, the wages

were subject.   On *certiorari*, this judgment was affirmed, and the defendant excepted, and assigned error because such a waiver was contrary to public policy and was not binding, and because it appeared that there was no indebtedness by the garnishee to the defendant when the note was made.

JOHN V. EDGE; B. G. GRIGGS; R. M. HOLLEY, for plaintiff in error, cited Code, §§3554, 2002, 2040; 38 *Ga.*, 533; 25 *Id.*, 573–5; 25 Am. R., 301; 19 *Id.*, 61; 2 C. L. J., 114, 259; 59 *Ga.*, 837; Code, §§10, 2750; 54 *Ga.*, 108; 20 Iowa, 376.

THOS. W. LATHAM; C. D. CAMP, for defendant, cited Code, §§10, 2039(a), 1954, 1950, 1945, 2750; 71 *Ga.*, 748; 70 *Id.*, 741; 25 Iowa, 315; Drake Attach., §516(b).

JACKSON, Chief Justice.

The question made in this record is, whether a waiver of the right to have a laborer's wages exempt from garnishment is binding upon him, when the waiver is general and extends indefinitely to all his future wages.   The waiver is in the following words :

" And I hereby contract and expressly waive the exemption of my wages or salary from the process of garnishment under the laws of Georgia, or to the exemption of my daily, weekly, monthly or yearly wages or salary from the operation of the garnishment law, in case this note is not paid promptly at maturity."

This waiver, it is thus seen, extends *ad infinitum* to all that the laborer may make by any employment in any sort of labor from any employer, and payable daily or weekly or monthly or yearly, and it is as general and sweeping as it is possible to make it.   In *Stafford, Blalock & Co. vs. Elliott*, 59 *Ga.*, 837, prior to the adoption of the present constitution, this court held that this could not be done even in the case of a waiver to take exemption and homestead to secure a promissory note, where the waiver was general and extended to all the property of the debtor.

In the case at bar, it extends to all the money he can ever make by his labor; and as this class of laborers generally have no property but their earnings, it extends to all his property that he can possibly acquire. The principle ruled in *Stafford, Blalock & Co. vs. Elliott* is, that a general waiver, to secure a promissory note, of the right to take homestead and exemption, embracing all the property of the debtor *in esse* and to be acquired, could not, under the law as it stood before the constitution of 1877 allowed such a waiver, prevent the debtor from applying for a homestead, though, when he signed the note and waiver he owned the land out of which he sought it. There being nothing in the constitution of 1877 permitting the waiver of the garnishment law, the principle then ruled covers, *a fortiori*, this case; for if the debtor could not waive a right which required an application to the ordinary, or in other words, which required suit by him to assert and set apart homestead, much less can he waive a right which he need not sue for and set apart, but, standing on the law which has already set apart for him all his wages, he need do nothing but defend by citing that law.

Section 10 of the Code, which permits certain waivers of legal rights, was in the Code when *Stafford, Blalock & Co. vs. Elliott* was decided, and if that section would allow such a waiver as this is, it would also have applied to the general waiver in that case; yet the effect of that judgment is that the public interests or policy would not permit it, if embracing all a man had; and so the same policy would not permit it, if embracing everything the laborer could make. The conclusion we reach is, that this waiver is not binding, but void.

Whether any special waiver of these laws upon specific wages in a certain employment and for a certain time, by specific orders on employers containing such specific waiver, would be good, we do not decide, it not being necessary to do so, because the ruling as it stands meets the case made, and "sufficient unto the day is the evil thereof."

Judgment reversed.